IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GRACE ELECTRICAL CONSTRUCTION CORPORATION, an Illinois corporation, and SOON JA CHUNG, individually,<br><br>　　　　　Defendants. | 07CV 6168<br>JUDGE SHADUR<br>MAGISTRATE JUDGE COX<br><br>No. _____<br><br>FILED<br>NOV 0 1 2007 NF<br>NOV. 1, 2007<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT

Plaintiffs, by their attorneys, ARNOLD AND KADJAN and John F. Etzkorn, complain against Defendant GRACE ELECTRICAL CONSTRUCTION CORPORATION, an Illinois corporation ("GRACE"), and SOON JA CHUNG, individually ("CHUNG") as follows:

1.　(a)　Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. §185(a), as hereinafter more fully appears.

　　(b)　Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), as hereinafter more fully appears.

2.　(a)　The Plaintiffs are the TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS.

　　(b)　The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into

1

between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

3.  (a) Defendant GRACE is an Illinois Corporation and resides within this jurisdictional district.

(b) Defendant GRACE is an employer engaged in an industry affecting commerce.

(c) Defendant GRACE has its principal place of business located at 10350 Dearlove Road, Unit C, Glenview, IL 60025.

4.  Since on or about August 3, 2005, Defendant GRACE has authorized DuPage County Division, Illinois Chapter N.E.C.A., Inc. (hereafter "NECA") as its collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

5.  Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant GRACE.

6.  By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant GRACE is bound, Defendant GRACE has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the declarations of trust to which Defendant has assented.

7.  In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees, pursuant to Article VI, Section 4 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 7 of the Welfare Fund Declarations of Trust and Article VII, Section 7 of the Vacation Fund Declarations of Trust.

8.  Independent of said Declarations of Trust to which Defendant has assented, Defendant is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

9.  Since after August 3, 2005, Defendant, GRACE has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the

filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

10. Plaintiffs are advised and believe that since on or about August 3, 2005, Defendant GRACE has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

11. Plaintiffs require an audit to be performed on Defendant GRACE'S complete books and records in order to ascertain the final amount due and owing, but are aware of a delinquency of $319,023.25, consisting of $290,021.14 for unpaid reports for August and September, 2007 plus $29,022.11 for liquidated damages.

12. By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in amount of $319,023.25 plus the amount shown due under the audit.

WHEREFORE, Plaintiffs pray:

A. GRACE be ordered to produce its books and records for audit for the period from August 1, 2005 though the present;

B. Judgment be entered for Plaintiffs and against Defendant GRACE in the amount of $319,023.25 plus the amount shown due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust;

C. (1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D. That pending final determination of this cause, Defendant GRACE be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant GRACE be permanently so enjoined.

E. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

Plaintiffs complain against Defendant SOON JA CHUNG ("CHUNG"), personally and individually, as follows:

13. Plaintiffs incorporate paragraph 1-12 of Count I as applicable and reiterate the same as if fully set forth herein.

14.     Defendant CHUNG is, on information and belief, the owner and operator of Defendant GRACE and is on information and belief either director and/or officer of said Defendant GRACE.

15.     Pursuant to Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant GRACE and thereby Defendant CHUNG have assented, Defendant CHUNG is personally liable for any unpaid contributions, costs and reasonable attorneys' fees arising from Plaintiffs' actions to collect said delinquency, to wit,

> "Where an audit discloses a difference between hours actually worked by an Employee and hours reported to the Trust by his Employer, and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, the officers and directors of such Employer, if a corporation, or the owner or partners of such Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund attributable to such conduct."

16.     Plaintiffs, on information and belief, submit that Defendant GRACE, and thereby Defendant CHUNG have engaged in willful violation of these provisions and is therefore personally liable for any unpaid contributions.

WHEREFORE, Plaintiffs pray:

A.     CHUNG be ordered to produce its books and records for audit for the period from August 1, 2005 though the present;

B.     Judgment be entered for Plaintiffs and against Defendant CHUNG in the amount of $319,023.25 plus the amount shown due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust;

C. (1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D. That pending final determination of this cause, Defendant CHUNG be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant CHUNG be permanently so enjoined.

E. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

        TRUSTEES OF THE N.E.C.A. -
        IBEW LOCAL 176 HEALTH, WELFARE,
        PENSION, VACATION, AND TRAINING
        TRUST FUNDS,

        By: One of the Plaintiffs' Attorneys

John F. Etzkorn
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, IL 60604-3958
(312) 236-0415

7

# LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize **Eastern IL Chapter, National Electrical Contractors Assoc** as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved [2] **Inside** labor agreement between the **Eastern IL Chapter, National Electrical Contractors Assoc** and Local Union [3] **176**, IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4] **3** day of **August 2005**. It shall remain in effect until terminated by the undersigned employer giving written notice to the **Eastern IL Chapter, National Electrical Contractors Assoc** and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

[5] Name of Firm: **Grace Electrical Construction Inc**
Street Address/P.O. Box Number: **10350 Dearlove Rd Unit C**
City, State (Abbr.) Zip Code: **Glenview, ILL. 60025**
Phone: 847-759-8063
Fax: 847-759-8065

APPROVED INTERNATIONAL OFFICE - I.B.E.W. AUG C 2005
Edwin D. Hill, President

[6] Federal Employer Identification No.: **36-4143006**

SIGNED FOR THE EMPLOYER
BY [7] (original signature)
NAME [8] **Soon Ja Chung**
TITLE/DATE **President 8.3.05**

SIGNED FOR THE UNION [3] **176**, IBEW
BY [7] (original signature)
NAME [8] **David W Odstuen**
TITLE/DATE **Business Manager 7/29/05**

---

INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.

[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.

[3] LOCAL UNION
Insert Local Union Number.

[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES
[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.

IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW FORM 302 REV. 9/01